# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD BOMAN,<br><br>Defendant. | Case No. CR14-0005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of February, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Tony Morfitt. The Defendant appeared personally and was represented by his attorney, Christopher J. Nathan.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 29, 2014, Defendant Donald Boman was charged by Indictment (docket number 2) with being a felon in possession of a firearm. At the arraignment on February 6, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 7, 2014.

Officer Tracy Weems, who is currently assigned to the FBI Safe Streets Task Force, testified regarding the circumstances underlying the instant charge. On November 2, 2013, Cedar Rapids police officers responded to reports of a shooting on Ridgewood Terrace in Cedar Rapids. After arriving at the scene, officers spoke with Marcus Brown, who reported that Defendant shot at him and then went back inside his residence. Brown was not hit. Other neighbors also reported hearing a shot.

1

Officers called Defendant and asked him to come outside.[1] Defendant came outside and was arrested. Officers then searched the house. Jamie Cooper, Defendant's "significant other," told officers that there was a gun in a dresser in the master bedroom. Apparently, Cooper had a permit for the gun. Officers found a .9 mm handgun in the dresser where Cooper described. Also found in the bedroom were two boxes of ammunition (containing 50 rounds and 40 rounds, respectively) and two magazines (containing 5 rounds and 4 rounds respectively). No fingerprints were found on the gun, but one of the ammunition boxes had Defendant's fingerprint on it. Officers later determined that the gun had been fired, but they can't say when. No "gunshot residue" test was performed on Defendant, to determine whether he had recently fired a gun. No shell casing was found outside, although officers reported that there was thick grass in that area.

Defendant admitted having a verbal altercation with Marcus Brown, and admitted intending to use a knife. Defendant told officers that he had heard a gunshot, but denied using the weapon. Defendant admitted he knew Jamie Cooper had a firearm in the residence and he had handled it in the past, but not that day.

Defendant is 40 years old. He has never been married and has no children. Defendant was born and raised in California, but spent most of his adult life in federal prison. Defendant apparently moved to Iowa in approximately 2011. He suffers from blood clots in his lungs and is prescribed blood thinning medication, and receives social security disability insurance benefits. Defendant has been diagnosed with post traumatic stress disorder and is prescribed medication for that condition. He denies any history of alcohol or substance abuse.

Defendant has a serious prior criminal record. In 1990, at age 16, he was adjudicated delinquent after hitting a store manager over the head with a full bottle of

---

[1] It's unclear to the Court whether officers called Defendant, or whether he was called by a third individual at the officers' request.

wine. At age 17, Defendant was adjudicated delinquent for grand theft auto. At age 18, Defendant was convicted after committing two robberies at Fort Carson, Colorado, on the same day. Both victims reported Defendant shot at them. Defendant subsequently received a federal prison term of 157 months.

Defendant was initially designated to FCI-Englewood, Colorado, but was transferred to FCI-Oxford, Wisconsin, for disciplinary reasons. Defendant was placed on disciplinary segregation numerous times for, among other things, assaulting others, possessing a 9-inch pick-type weapon, and fighting. In 1994, while at FCI-Oxford, Defendant assaulted another inmate with a metal object and was sentenced to an additional 51 months in federal prison.

On December 7, 2007, after more than 15 years in prison, Defendant was placed on supervised release. Approximately three weeks later, on December 30, while a resident at a half-way house, Defendant consumed alcohol and then escaped. His whereabouts were unknown until June 2008, when he was arrested in Linn County, Iowa, for public intoxication. Defendant's supervised release was revoked and he was given an additional six months in custody. Defendant was placed back on supervised release in January 2009, and terminated from supervised release in January 2011. It was apparently at that time that Defendant moved to Iowa.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

The Court believes that Defendant is a dangerous person. At age 16, he was adjudicated delinquent for hitting a store manager over the head with a full bottle of wine. At age 18, he robbed and shot at two persons in separate incidents occurring on the same day. While in prison, Defendant assaulted another inmate with a metal object, resulting in an additional federal prison term. Defendant was placed on disciplinary segregation numerous times throughout his imprisonment for refusing assignments, setting a fire, assaulting others, possessing a dangerous weapon, and fighting. When Defendant was initially released from prison, he absconded after approximately three weeks. He was located in another state six months later after he was arrested on an unrelated charge. The Court believes that Defendant is a danger to the community and a risk of flight.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will

reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 6, 2014) to the filing of this Ruling (February 11, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 11th day of February, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA