# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONALD BOMAN,

    Defendant.

No. 14-CR-5-LRR

**ORDER**

_____

## I. INTRODUCTION

The matters before the court are the government's "Motion for Ruling Pursuant to Rule 104" ("Government Motion") (docket no. 32) and Defendant Donald Boman's "Motion for Ruling Pursuant to Rule 104" ("Defense Motion") (docket no. 38) (collectively, "Motions").

## II. RELEVANT PROCEDURAL HISTORY

On March 18, 2014, a grand jury returned a one-count Superseding Indictment (docket no. 23) charging Defendant with knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for more than one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Superseding Indictment also includes a forfeiture allegation. On March 31, 2014, the government filed the Government Motion. On April 1, 2014, the court held the Final Pretrial Conference at which it heard argument on the Government Motion. *See* April 1, 2014 Minute Entry (docket no. 37). On April 2, 2014, Defendant filed the Defense Motion. On April 7, 2014, Defendant filed a Resistance to the Government Motion (docket no. 40). On April 8, 2014, the government filed a Resistance to the Defense Motion (docket no. 42).

## III. ANALYSIS

In the Motions, the parties seek preliminary rulings on myriad issues and the Motions substantially overlap. The court will first outline the issues on which the parties agree. The court will then discuss the issues on which the parties disagree.

### A. Issues on Which the Parties Agree

In light of the parties' agreement on the below-listed issues, the court orders that the parties are bound by their agreement as set forth below.

#### 1. Spousal privilege

The parties agree that Defendant is unable to invoke either the adverse spousal privilege of the marital confidential communications privilege with respect to Jamie Cooper.

#### 2. Marcus Brown's statement: "do it nigga"

The parties agree that Marcus Brown's utterance "do it nigga" is nonhearsay and admissible to show its effect on listeners.

#### 3. Defendant's girlfriend's daughter's statement: "Donnie shot Blue"

The parties agree that the government will not attempt to enter this statement through law enforcement testimony.

#### 4. Defendant's use of an alias

The parties agree not to admit evidence that Defendant used an alias.

#### 5. Outstanding arrest warrant for Defendant

The parties agree not to admit evidence that Defendant had an outstanding warrant out for his arrest.

#### 6. Defendant's gang affiliation

The parties agree not to admit evidence that Defendant is currently or had previously been affiliated with a gang.

#### 7. Transcript containing a summary of Investigator Myrom's interview

The parties agree not to show the jury a written transcript of Investigator Myrom's interview of Defendant which contains Investigator Myrom's summary of the interview.

### 8. *Defendant is from Los Angeles*

The parties agree not to admit evidence that Defendant is from South Central Los Angeles.

### 9. *Defendant lived in high crime area of Cedar Rapids*

The parties agree not to admit evidence that Defendant used to live in a high crime area of Cedar Rapids.

### 10. *Defendant invoked his right to remain silent*

The parties agree not to introduce evidence that Defendant invoked his right to remain silent.

### 11. *Jamie Cooper's statements to Sergeant Yardley*

The parties agree not to introduce evidence that Jamie Cooper told Sergeant Yardley that Cooper had been called at work by Cooper's daughter and told that Defendant shot Marcus Brown.

### 12. *Jamie Cooper's statements about the firearm*

The parties agree not to introduce evidence that Jamie Cooper told officers that she never fired the gun recovered from her bedroom.

### 13. *Sierrah Simmons's statements to Officer Jeffries*

The parties agree not to introduce evidence that Sierrah Simmons told Officer Jeffries that the man who shot the gun was in the house from which Defendant exited.

### 14. *Defendant's statement that Marcus Brown called Defendant a "child molester"*

The parties stipulate that the following may be presented to the jury: "Marcus Brown allegedly told a third party the Defendant had allegedly done something very

harmful to a relative of Brown, that if true would also be harmful to Defendant's reputation."

### 15. *Investigator Myrom's hearsay statements during interview of Defendant*

The parties agree that the government will not seek to admit the portion of the interview of Defendant in which Investigator Myrom states: "Okay. Cause everybody is saying you had the gun;" "Okay. All these people are saying this;" and "The people out on the scene okay. They are all saying that you had it."

### B. Issues on Which the Parties Disagree

The parties disagree about: (1) how Federal Rules of Evidence 403, 404 and 609 apply to the government's use of Defendant's prior convictions; (2) how Federal Rule of Evidence 404 applies to Defendant's use of Marcus Brown's prior convictions; (3) how Federal Rule of Evidence 403 applies to evidence of Marcus Brown's alleged mistreatment of Defendant's girlfriend and evidence of the nature of the 911 call; and (4) how the hearsay rules apply to: Marcus Brown's statements immediately following the alleged shooting, officers' statements from their interview with Defendant, Marcus Brown's statements to police, "Snake's" statements to Marcus Brown and Jamie Cooper's statements to law enforcement.

### 1. *Defendant's prior convictions*

Defendant was convicted on November 5, 1992 of two counts of using a firearm during the commission of a violent crime and one count of robbery, and he was sentenced to 157 months in prison. While incarcerated, Defendant was convicted in 1994 of assault within maritime and territorial jurisdiction. Defendant was released from prison in December 2007 and placed on supervised release. His supervised release was revoked in October 2008 and he was again released in January 2009.

4

### a. Federal Rule of Evidence 404(b)

Defendant requests that the court order the government to stipulate to the prior felony element of the crime for which he is charged pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997). The government argues that all of Defendant's prior felony convictions are relevant under Federal Rule of Evidence 404(b) and thus seeks to present the prior convictions to the jury.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). The Eighth Circuit Court of Appeals has adopted a four-factor test to determine the admissibility of Rule 404(b) evidence:

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value."

*Id.* (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)). The court will examine each of these factors in turn.

First, evidence that Defendant "possessed a firearm on a previous occasion is relevant to show knowledge and intent." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006); *see also United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (holding that evidence of the defendant's two prior firearms offenses was relevant to show knowledge and intent where the defendant was charged with being a felon in possession

5

of a firearm). However, the court finds that Defendant's prior conviction for assault is not relevant to a material issue raised at trial. Defendant is charged with being a felon in possession of a firearm; he is not charged with assault. Therefore, the government may not use Defendant's previous conviction for assault pursuant to Federal Rule of Evidence 404(b).

Second, Defendant's prior conviction for using a firearm during the commission of a violent crime is similar in kind to the crime of being a felon in possession of a firearm. An element of using a firearm during the commission of a violent crime is that Defendant must have used a firearm and, thus, it is sufficiently similar to the crime of being a felon in possession of a firearm.

However, the court finds that Defendant's conviction from 1992 is not "close in time to the crime charged." *Johnson*, 439 F.3d at 952. Courts are "'reluctant' to uphold admission of evidence of prior acts occurring more than 13 years prior to the charged offense." *Walker*, 470 F.3d at 1275 (quoting *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005)). The Eighth Circuit has nonetheless upheld a district court's admission of prior bad acts when 18 years elapsed between the prior offense and the charged offense when the defendant was imprisoned during a substantial portion of the time between offenses. *Id.*; *but see id.* at 1276-77 (Melloy, J., dissenting).

Third, Defendant's prior conviction is supported by sufficient evidence, as the government intends to introduce a certified judgment of conviction. This evidence is sufficient for a reasonable jury to conclude that Defendant in fact previously possessed firearms. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) (noting that evidence is sufficient "if the jury can reasonably conclude that the act occurred and that the defendant was the actor"); *see also United States v. Jourdain*, 433 F.3d 652, 659-60 (8th Cir. 2006) (discussing the sufficiency-of-the-evidence requirement).

Finally, while the court has already found Defendant's prior convictions to be too remote in time to be admissible under 404(b), were such evidence to be admitted, the court could lessen the potential for unfair prejudice with an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

Because the government may not use Defendant's prior convictions under 404(b), the government must stipulate to the prior-felony element of 18 U.S.C. § 922(g)(1) pursuant to *Old Chief*, 519 U.S. at 191-92. Despite the court's ruling at this stage, the parties may ask the court to reconsider its ruling during trial.

        **b.**     ***Federal Rule of Evidence 609***

Rule 609 states in pertinent part that:

> [A] witness's character for truthfulness by evidence of a criminal conviction[] . . . for a crime . . . punishable by . . . imprisonment for more than one year . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant . . . .

Fed. R. Evid. 609(a). However, "if more than 10 years have passed since the witness's conviction or release from confinement" then "[e]vidence of the conviction is admissible only if . . . its probative value . . . substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Rule 609 "incorporates certain basic safeguards . . . of particular significance to an accused who elects to testify" and is intended to "giv[e] effect to demonstrated rehabilitation." Fed. R. Evid. 609 Advisory Committee's Note, 56 F.R.D. 183, 270. "Rule 609(b) effectively establishes a 'rebuttable presumption against the admissibility of prior convictions more than ten years old.'" *United States v. Stoltz*, 683

F.3d 934, 939-40 (8th Cir. 2012) (quoting *United States v. Felix*, 867 F.2d 1068, 1073 (8th Cir. 1989)). Past convictions under Rule 609(b) "should be admitted very rarely and only in exceptional circumstances." *Id.* at 940 (quoting *Felix*, 867 F.2d at 1073) (internal quotation marks omitted).

Here, Defendant has been released from confinement for less than ten years, so the requirements of Rule 609(b) do not apply. Nonetheless, the substantial period of time between Defendant's prior convictions and the instant charge gives the court pause. The court reserves ruling on whether the government may use Defendant's prior convictions for impeachment purposes pursuant to Federal Rule of Evidence 609 should Defendant choose to testify.

### 2. *Marcus Brown's prior convictions*

Marcus Brown was allegedly convicted of armed violence and aggravated battery with a firearm in 1993 and was convicted of burglary in the third degree in 2012.

Defendant argues that Marcus Brown's criminal convictions should be admitted as so-called "reverse" 404(b) evidence. Defendant argues that Marcus Brown's convictions are relevant under 404(b) because they tend to show that Marcus Brown possessed the firearm at issue.

While the court notes that the potential prejudice is lessened when a defendant offers 404(b) evidence pertaining to a third party, for the same reasons Defendant's prior convictions are inadmissible under Federal Rule of Evidence 404(b), Marcus Brown's prior convictions are inadmissible under "reverse" 404(b). Despite the court's ruling at this stage, the parties may ask the court to reconsider its ruling during trial.

### 3. *Marcus Brown's alleged mistreatment of Cheyenne Cinkan*

The parties dispute whether Marcus Brown's alleged mistreatment of Cheyenne Cinkan is unduly prejudicial pursuant to Federal Rule of Evidence 403. The parties also

dispute whether evidence of the nature of a 911 call is unduly prejudicial under Rule 403. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. At this stage, the court deems it appropriate to reserve ruling about whether Defendant may present evidence of Marcus Brown's alleged mistreatment of Cheyenne Cinkan and whether the government may present evidence of the nature of the 911 call.

### 4. *Hearsay statements*

Finally, the parties dispute the application of the hearsay rules pertaining to several statements. Hearsay "means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) (internal formatting and emphasis omitted). A statement by an opposing party is exempted from the definition of hearsay. Fed. R. Evid. 801(d)(2). Hearsay evidence is normally inadmissible. Fed. R. Evid. 802. However, and relevant here, there are exceptions to the general rule against hearsay. *See* Fed. R. Evid. 803(1)-(3). The relevant exceptions include:

> **(1) Present Sense Impression**. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.
>
> **(2) Excited Utterance**. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.
>
> **(3) Then-Existing Mental, Emotional, or Physical Condition**. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional,

sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

*Id*. At this stage, the court reserves ruling on all the hearsay objections.

### *IV. CONCLUSION*

In light of the foregoing, the Motions (docket nos. 32, 38) are **GRANTED IN PART**, **DENIED IN PART** and the court **RESERVES RULING IN PART**. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury. Moreover, the parties are free to ask the court to reconsider its rulings on the 404(b) issues during trial.

**IT IS SO ORDERED.**

**DATED** this 11th day of April, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA