**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONALD BOMAN,

    Defendant.

No. 14-CR-5-LRR

**ORDER**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II. RELEVANT PROCEDURAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . *2*

*III. RELEVANT FACTUAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . . . *2*

*IV. MOTION FOR JUDGMENT OF ACQUITTAL.* . . . . . . . . . . . . . . . . . . *3*

    *A. Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B. Analysis..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*V. MOTION FOR NEW TRIAL.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    *A. Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B. Analysis..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *1. Reverse 404(b).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *2. Evidence of Marcus Brown's physical abuse of Cheyenne Cinkan.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        *3. Subject of the argument between Marcus Brown and Cheyenne Cinkan.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        *4. Hearsay and the 911 call.* . . . . . . . . . . . . . . . . . . . . . *8*
        *5. Recorded interview of Defendant by law enforcement..* . . . . . . *9*
        *6. Theory of possession interrogatory.* . . . . . . . . . . . . . . . . *10*

*VI. CONCLUSION..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

# I. INTRODUCTION

The matter before the court is Defendant Donald Boman's "Motion for a Judgment of Acquittal; Alternatively Motion to Vacate Judgment and for a New Trial" ("Motion") (docket no. 60).

# II. RELEVANT PROCEDURAL BACKGROUND

On March 18, 2014, a grand jury returned a one-count Superseding Indictment (docket no. 23) against Defendant. The Superseding Indictment charged that Defendant unlawfully possessed a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Superseding Indictment also contained a forfeiture allegation.

On April 15, 2014, a jury trial commenced on the Superseding Indictment. On April 16, 2014, at the close of the government's evidence and at the close of all evidence, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the court denied. *See* April 16, 2014 Minute Entry (docket no. 50). On April 17, 2014, the jury returned a guilty verdict on the Superseding Indictment. *See* Jury Verdict (docket no. 54).

On April 30, 2014, Defendant filed the Motion, requesting that the court grant a judgment of acquittal or a new trial. On May 12, 2014, the government filed a Resistance (docket no. 61). The matter is fully submitted and ready for decision.

# III. RELEVANT FACTUAL BACKGROUND

The trial evidence established that the gun and ammunition at issue were purchased with Defendant's credit card. Law enforcement officers testified at trial that they found the gun and the ammunition in a bedroom that Defendant shared with his girlfriend. Law enforcement officers discovered Defendant's fingerprints on the ammunition. The government also presented an audio recording of Defendant in which he admitted to touching the gun.

The government also presented evidence that Defendant and Marcus Brown argued on the street outside Defendant's home. One witness testified that she saw a black man near a bicycle across the street from Defendant's home yell "do it nigga, do it nigga" and, soon thereafter, a tall black man ran from the direction of Defendant's home, knocked down the man who was near the bicycle and pointed his hand at the man near the bicycle. Some witnesses testified that they heard a loud noise consistent with a single gunshot. Immediately following the gunshot, Marcus Brown and his girlfriend, Cheyenne Cinkan, called 911 and spoke with the 911 operator. Officers were called to the scene and searched Defendant's home, where they found a gun and ammunition. The ammunition was contained in two boxes and each box was equipped to carry fifty rounds of ammunition. One box contained the full fifty rounds, while the other box contained 40 rounds. Officers found nine rounds in the two magazines located in the gun, but officers could not account for one round of ammunition.

## IV.  MOTION FOR JUDGMENT OF ACQUITTAL

### A.  Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, the court "must

uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

### *B. Analysis*

Defendant's entire argument that he is entitled to a judgment of acquittal is contained in one sentence: "While the government presented some evidence, it failed to introduce sufficient evidence to convict the Defendant." Brief in Support of the Motion (docket no. 60-1) at 2.

"'To convict [a defendant] under 18 U.S.C. § 922(g)(1), the government needed to prove [that]: (1) [he] had previously been convicted of a crime punishable by imprisonment of more than one year; (2) he knowingly possessed a firearm; and (3) the firearm had been in or affected interstate commerce.'" *United States v. Chatmon*, 742 F.3d 350, 352 (8th Cir. 2014) (alterations in original) (quoting *United States v. Garrett*, 648 F.3d 618, 622 (8th Cir. 2011)).

Here, Defendant and the government stipulated that Defendant had previously been convicted of a crime punishable by imprisonment for more than one year and that the firearm and ammunition had been in or affected interstate commerce. Accordingly, the only issue at trial was whether Defendant knowingly possessed the firearm, ammunition or both. Upon viewing the evidence in the light most favorable to the government, the court finds that the government presented sufficient evidence to support the jury's determination that Defendant possessed the firearm and the ammunition at issue. The government presented ample evidence that Defendant possessed both the firearm and the ammunition—the firearm and ammunition were both found in Defendant's bedroom, Defendant's fingerprints were on the ammunition and Defendant admitted to handling the

gun. Moreover, the government presented evidence that Defendant shot the gun near Marcus Brown. Accordingly, the Motion is denied to the extent it seeks a judgment of acquittal based on insufficient evidence.

## V. *MOTION FOR NEW TRIAL*

### A. *Legal Standard*

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation mark omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's standard of review differs from the standard that is applied to a motion for judgment of acquittal:

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new

5

> trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (reiterating applicable standard).

### B. *Analysis*

In the Brief in Support of the Motion, Defendant argues that the court should grant him a new trial because the court erred when it: (1) denied Defendant's request to introduce reverse 404(b) evidence; (2) denied Defendant the opportunity to introduce evidence of Marcus Brown's physical abuse of Cheyenne Cinkan; (3) denied Defendant the opportunity to introduce evidence regarding the cause of the altercation between Brown and Cinkan; (4) overruled Defendant's hearsay objection to Brown's 911 call; (5) overruled Defendant's objection to introduction of certain statements made by law enforcement regarding the veracity of Defendant's responses and what law enforcement knew; and (6) denied Defendant's request for a specific interrogatory that would require the jury to unanimously agree to the theory of possession.

### 1. *Reverse 404(b)*

Defendant argues that the court erred when it did not allow Defendant to introduce evidence of Marcus Brown's prior conviction under Federal Rule of Evidence 404(b). However, the court has already ruled on this argument. *See* April 11, 2014 Order (docket no. 43) at 8. Defendant does not provide any additional argument to support a finding that the court should have admitted this evidence. Thus, for the reasons already stated in the court's April 11, 2014 Order, the court shall deny the Motion to the extent it seeks a new

trial because the court did not allow Defendant to present evidence of Marcus Brown's prior conviction pursuant to Federal Rule of Evidence 404(b).

### 2. *Evidence of Marcus Brown's physical abuse of Cheyenne Cinkan*

Defendant argues that the court erred when it did not allow him to introduce evidence that Marcus Brown physically abused Cheyenne Cinkan to establish Marcus Brown's bias and motive pursuant to Federal Rule of Evidence 608. To the extent that Defendant argues that the court should have allowed him to present extrinsic evidence of such abuse, the court disagrees. Rule 608 specifically states that, except for prior criminal convictions, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). However, the court has discretion to allow specific instances of misconduct to be inquired into on cross-examination. *Id.* Here, the court exercised its discretion and allowed Defendant to cross-examine witnesses about the fact that Cheyenne Cinkan had a black eye on the day of the incident, but it did not permit Defendant to delve into alleged prior abuse of Cheyenne Cinkan. What limited probative value this line of questioning might have had was "substantially outweighed by a danger of . . . confusing the issues, misleading the jury[ and] undue delay." Fed. R. Evid. 403. The court finds that the interests of justice do not require a new trial for limiting Defendant's cross examination. Accordingly, the court shall deny the Motion to the extent it seeks a new trial for not allowing Defendant to delve further into Marcus Brown's alleged prior abuse of Cheyenne Cinkan.

### 3. *Subject of the argument between Marcus Brown and Cheyenne Cinkan*

Defendant argues that the court erred when it did not allow him to introduce evidence about the subject of an argument between Marcus Brown and Cheyenne Cinkan. Defendant argues that the relevance of this evidence would show that Marcus Brown was biased against Defendant. The court finds, as it did at trial, that what limited probative

value this line of questioning might have had was "substantially outweighed by a danger of . . . confusing the issues, misleading the jury[ and] undue delay." Fed. R. Evid. 403. Defendant presents no additional argument to persuade the court otherwise. Defendant's inability to introduce such evidence did not result in a miscarriage of justice. Accordingly, the court shall deny the Motion to the extent it seeks a new trial because the court did not allow Defendant to delve further into the subject of the argument between Marcus Brown and Cheyenne Cinkan.

### 4. *Hearsay and the 911 call*

Defendant argues that the court erred when it permitted the government to introduce Marcus Brown's 911 call pursuant to the excited utterance exception to the rule against hearsay because "the excited utterance itself could not be used to prove the underlying startling event." Brief in Support of the Motion at 5.

> Hearsay is not admissible unless there is an applicable exception to the bar on hearsay evidence." *United States v. Demery*, 674 F.3d 776, 781 (8th Cir. 2011). Pursuant to Federal Rule of Evidence 803(2), a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused" is admissible as an exception to the general proscription against hearsay. Fed. R. Evid. 803(2). "In determining whether a declarant was under the stress of excitement caused by a startling event when [he or] she made a statement, '[courts] consider the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement.'

*Demery*, 674 F.3d at 781 (quoting *United States v. Wilcox*, 487 F.3d 1163, 1170 (8th Cir. 2007)).

Here, contrary to Defendant's assertion, the government did not use the excited utterance itself to lay the foundation for the underlying startling event. Rather, the

8

government laid the foundation through the testimony of the witness-declarant, Marcus Brown. Marcus Brown testified that the 911 call was placed immediately after he heard a gunshot and checked himself for bullet wounds. Defendant does not even appear to argue that Marcus Brown was not under the stress of the startling event when he made the statement during the 911 call. Indeed, the court found at trial that Marcus Brown was under the stress of the startling event, and after reviewing the record, the court again concludes that Brown's statements were made while under the stress caused by the gunshot. Moreover, the Eighth Circuit Court of Appeals has held that 911 calls may be admissible pursuant to the excited utterances exception. *See, e.g.*, *United States v. Rice*, 423 F. App'x 653, 656 (8th Cir. 2011); *United States v. Brun*, 416 F.3d 703, 707 (8th Cir. 2005). The court finds that Marcus Brown made the statement while still under the stress of excitement caused by the gunshot. The court finds that the interests of justice do not require a new trial based on the admission of the 911 recording. Accordingly, the court shall deny the Motion to the extent it seeks a new trial for admitting the 911 tapes pursuant to the excited utterance exception to the hearsay rule.

### 5. *Recorded interview of Defendant by law enforcement*

Defendant argues that the court erred when it admitted a recording of law enforcement's interview of Defendant because it violated the rule against hearsay. While defense counsel argues that he "mistakenly believed" the court was asking about objections to the jury instructions, the record makes clear that defense counsel had no objections to the government playing the recording or to the government's use of a transcript to aid the jury. Brief in Support of the Motion at 5. Therefore, the court need only review this argument for plain error. *See United States v. Amaya*, 731 F.3d 761, 764 (8th Cir. 2013) (stating that "it is appropriate for [the] district court to apply plain error review to a defendant's motion for new trial where issues were not objected to during trial") (citing *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988)). Moreover, even if

9

Defendant had objected to the admission of the recording, the court would have overruled such objection. The statements of law enforcement contained in the interview were included to give context to Defendant's statements, not for their truth. *See* Fed. R. Evid. 801(c)(2) (defining hearsay as a statement offered "to prove the truth of the matter asserted in the statement"). The court finds that the interests of justice do not require a new trial for admitting the recorded interview of Defendant by law enforcement. Accordingly, the court shall deny the Motion to the extent it seeks a new trial for admitting the tape of the interview of Defendant by law enforcement.

### 6. *Theory of possession interrogatory*

Defendant argues that the court erred when it did not give Defendant's proposed interrogatory, which would have required the jury to unanimously agree on which kind of possession—actual or constructive—Defendant exercised over the firearm and ammunition. In support of his argument, Defendant relies on *Richardson v. United States*, 526 U.S. 813 (1999). In *Richardson*, the Supreme Court held that "a jury in a federal criminal case brought under [21 U.S.C.] § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson*, 526 U.S. at 815. The Court distinguished between "factual elements, which are ordinarily listed in the statute that defines the crime" and "underlying brute facts [that] make up a particular element." *Id.* at 817. A jury is required to "unanimously find[] that the [g]overnment has proved each element," while a jury need not unanimously agree about "which of several possible means the defendant used to commit an element of the crime." *Id.*

Here, the instruction that the court used—and the one endorsed by the Eighth Circuit Court of Appeals—instructed the jury that:

> The crime of being a felon in possession of a firearm and/or ammunition, as charged in Count 1 of the Indictment, has three elements, which are:
> *One*, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;
> *Two*, after that, the defendant knowingly possessed a firearm, that is, a SCCY CPX-1 9mm pistol bearing serial number 044840, and/or Fiocchi (GFL) 9mm ammunition; and
> *Three*, the firearm and/or ammunition was transported across a state line at some time during or before the defendant's possession of it.
> To find that the government has proven element two, you must unanimously agree that the defendant knowingly possessed the SCCY CPX-1 9mm pistol or the Fiochhi (GFL) ammunition, and you will be required to answer which item or items you unanimously agree that the defendant knowingly possessed in the Interrogatory Form. . . .
> If the government proves all of these elements beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count 1. Otherwise, you must find the defendant not guilty of the crime charged under Count 1.

Final Jury Instructions (docket no. 53) at 14-15. Because of the parties' stipulation to elements one and three, the only element remaining for the jury to decide was whether Defendant knowingly possessed the firearm and ammunition, and the jury was required to unanimously agree which item or items Defendant knowingly possessed. *See* Interrogatory Form (docket no. 54-1). The way in which Defendant possessed the items—whether actual possession or constructive possession—was merely an "underlying brute fact[] [that] ma[de] up a particular element." *Richardson*, 526 U.S. at 817. Specifically, the theory of possession was an underlying brute fact making up the element of possession and, therefore, the jury was not required to unanimously agree about the way in which Defendant possessed the firearm and ammunition. *See United States v. Barton*, 731 F.2d 669, 673 (10th Cir. 1984) ("Actual and constructive possession are not alternative crimes under the statute. Rather, they provide different means or theories by which the offense

of 'possession' may be proved."). Because the court properly instructed the jury about how it must reach its verdict, the court finds that the interests of justice do not require a new trial, and the court shall deny the Motion to the extent it seeks a new trial for not giving Defendant's proposed interrogatory.

## VI. CONCLUSION

In light of the foregoing, Defendant Donald Boman's "Motion for a Judgment of Acquittal; Alternatively Motion to Vacate Judgment and for a New Trial" (docket no. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of May, 2014.

_[signature]_
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA